C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
  JAMES SABATINO,                              :

                                                                            :   **ORDER**
                          Petitioner,      :

                                            :   25-cv-5310 (BMC)
           - against -                  :
                                            :

  UNITED STATES OF AMERICA,       :

                                            :
                          Respondent.    :
-------------------------------------------------------------- X

**COGAN**, District Judge.

     This case has been classified as a *pro se* motion under 28 U.S.C. § 2241 although it is not clear that the classification is correct. Petitioner originally sought to file it as a motion by an "interested party" in the case of <u>United States of America v. Joaquin Archivaldo Guzman Loera</u> (a/k/a El Chapo), Case No. 09-cr-466. My first review of the motion suggested that petitioner was seeking a modification of the terms of his confinement at the ADX in Florence, Colorado so that he could better communicate and share counsel with Guzman. Based on that, I directed the Clerk to docket it as a § 2241 petition, with the expectation that I would transfer it to the District of Colorado. On closer read, however, it appears that petitioner is not seeking relief from his own terms of confinement but is seeking to assist Guzman in modifying Guzman's terms of confinement.

     Whether viewed as a § 2241 petition or a motion in Guzman's criminal case, the request for relief must be denied. First, the issue appears moot. The criminal case contains a *pro se* motion from Guzman requesting modification of his special administrative measures so that he could better communicate with his attorney, who appears to be the same attorney to whom

petitioner is referring here. I denied that motion prior to receiving petitioner's request for relief. Shortly after that, the attorney submitted a letter advising me that the issue had been resolved, and that "there are no outstanding issues regard attorney client communication between Mr. Guzman Loera and the undersigned attorney." Second, even if it wasn't moot, petitioner has no ability to intervene in Guzman's criminal case to seek relief on his behalf. Third, even if he did, the proper place to do it would be the district of confinement, i.e., the District of Colorado.

Accordingly, the petition or motion is denied. A certificate of appealability shall not issue as the filing raises no substantial constitutional issue. *In forma pauperis* status is denied for purposes of appeal as there is no good faith basis for an appeal.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       October 3, 2025